# ALL PROCESS, PLEADINGS and ORDERS PREVIOUSLY SERVED UPON DEFENDANT AND DEFENDANT'S ANSWER IN CAUSE NO. 048-324213-21

*Carla Davis*

*vs.*

*RaceTrac Petroleum, Inc.*

## IN THE 48TH DISTRICT COURT OF TARRANT COUNTY, TEXAS

✣✣✣

A.  Civil Docket Sheet from Tarrant County District Clerk for Cause No. 048-324213-21

B.  Plaintiff's Original Petition filed March 23, 2021

C.  Return of Service of Citation on Defendant

D.  Defendant's Original Answer filed April 16, 2021

E.  Defendant's Jury Demand filed April 16, 2021

# EXHIBIT A



# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                          04/19/2021 10:50 AM

**Court:** 048   **Case:** 324213   [Search]  [New Search]  ☐ Show Service Documents ONLY

**Cause Number : 048-324213-21**                                **Date Filed : 03-23-2021**

CARLA DAVIS  | VS |  RACETRAC PETROLEUM, INC.

**Cause of Action :** INJURY OR DAMAGE, PREMISES
**Case Status :** PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 03-23-2021 | PLTF'S ORIG PET | N | $289.00 | |
| 03-23-2021 | PAYMENT RECEIVED trans #1 | Y | | $289.00 |
| 03-23-2021 | CIT-ISSUED ON RACETRAC PETROLEUM INC-On 03/24/2021 | N  Svc | $8.00 | |
| 03-23-2021 | PAYMENT RECEIVED trans #3 | Y | | $8.00 |
| 03-23-2021 | LTR REQ CIT BE EMAILED (TO DOC PROD/AA) | | | $0.00 |
| 03-30-2021 | CIT RET OF SVC-RACETRAC PETROLEUM INC-EXEC 3-25-21 | | | $0.00 |
| 03-30-2021 | CIT Tr# 3 RET EXEC(RACETRAC PETROLEUM INC) On 03/25/2021 | | | $0.00 |
| 04-16-2021 | DEFN'S ORIG ANS | | | $0.00 |
| 04-16-2021 | DEFN'S JURY DEMAND | | | $0.00 |
| 04-16-2021 | JURY FEE | N | $40.00 | |

| 04-16-2021 | PAYMENT RECEIVED trans #10 | | $40.00 |
|---|---|---|---|
| | | Y | |

# EXHIBIT B

FILED
TARRANT COUNTY
3/23/2021 11:13 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-324213-21 _____

| | | |
|---|---|---|
| CARLA DAVIS, *Plaintiff*, | § § § | IN THE DISTRICT COURT |
| v. | § § | _____ JUDICIAL DISTRICT |
| RACETRAC PETROLEUM, INC. *Defendant.* | § § § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carla Davis, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's Original Petition against RaceTrac Petroleum, Inc. (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

### I. TEXAS RULE 47 DAMAGES STATEMENT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $250,000 but not more than $1,000,000.00.

Plaintiff submits this action under Discovery Control Plan II, per Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES AND SERVICE

Plaintiff is a resident of Fort Worth, Texas.

Defendant RaceTrac Petroleum, Inc. (hereinafter referred to as "RaceTrac") is a company

doing business in the State of Texas. Defendant may be served by serving its registered agent Corporate Creations Network, Inc. located at 5444 Westheimer #1000, Houston Texas 77056. **Issuance of citation is requested at this time.**

### III. JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant as Defendant performed work, and/or hired personnel to perform work in the State of Texas.

### IV. VENUE

Venue is proper in Tarrant County, Texas, pursuant to 15.002 (3) of the Texas Civil Practice and Remedies Code, because the events giving rise the cause of action occurred in Tarrant, County.

### V. FACTS

At all times relevant, Defendant was the possessor in control of the RaceTrac located at 901 Boyd Rd., Azle, Texas 76020. (hereinafter referred to as the "premises").

On or about February 15, 2020, Plaintiff was inside of the premises purchasing items, when she walked up to the cash register when she slipped and fell in a slippery, slick, stick wet substance. This fall caused Plaintiff significant personal injuries.

### VI. NEGLIGENCE OF DEFENDANTS

Defendant was the owner, operator, or in control of the premises. Plaintiff was in invitee at the time of the injury because she was a customer at the RaceTrac. Since the business was open to the general public, Defendant extended an invitation to Plaintiff to shop at the RaceTrac.

Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in

that the condition of the floor was extremely dangerous. Defendant knew or reasonably should have known of the condition of the premises because the slippery and sticky floor was a large area and had appeared to spread. It appeared that the condition was there for a long period of time within close proximity to Defendant's employees that a reasonable inspection would have revealed the condition. The area close to the cash register is a high traffic area that commonly has conditions that need attending to, and therefore Defendant was responsible for ensuring the safety of its patrons, and a reasonable inspection of the premises would have revealed the dangerous condition.

At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

    a. Failing to keep the premises in a reasonably safe condition for Plaintiff;

    b. Failing to inspect the premises to discover the wet, slippery, slick substance on the floor, a latent defect;

    c. Failure to remove substance on the floor;

    d. Failure to provide warning of the substance on the floor or dangerous condition by posting signage, a barrier, or other marker indicating the presence of danger; and

    e. Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the substance on the floor.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.   DAMAGES

As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe


injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills. Plaintiff also suffered severe physical and mental pain, suffering, physical and mental impairment, depression, physical and mental disability, anguish, and loss of enjoyment of life.

In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.

## VIII.  NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer in this cause and that, upon final trial, Plaintiff be awarded a final judgment against Defendant for the following:

   a. All reasonable and necessary past medical expenses;

   b. A sum for future medical expenses and treatment;

   c. Monetary damages for past physical pain and suffering and mental anguish in an amount to be established at trial;

   d. Monetary damages for future physical pain and suffering and mental anguish;

e. Past and future physical impairment as determined by a jury;

f. Past and future disfigurement;

g. Costs of Court;

h. Pre-judgment interest on all damages awarded at the highest legal rate;

i. Post-judgment interest on all sums awarded herein at the highest legal rate until paid; and

j. Such other and further relief to which Plaintiff may be justly entitled at law or in equity, specific or general.

Respectfully submitted,

**Wolf Law, PLLC**

By: /s/ Julie Wolf
**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*

MAR 2 5 2021

# EXHIBIT C

# EXHIBIT C

048-324213-21

FILED
TARRANT COUNTY
3/30/2021 1:20 PM
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION          Cause No. 048-324213-21

CARLA DAVIS
VS.
RACETRAC PETROLEUM, INC.

TO: RACETRAC PETROLEUM INC

B/S REG AGENT-CORPORATE CREATIONS NETWORK INC 5444 WESTHEIMER # 1000 HOUSTON TX 77056-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 48th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

CARLA DAVIS

Filed in said Court on March 23rd, 2021 Against
RACETRAC PETROLEUM INC

For suit, said suit being numbered 048-324213-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

JULIE WOLF
Attorney for CARLA DAVIS Phone No. (972)338-4477
Address    12222 MERIT DR STE 1200 DALLAS, TX 75251

Thomas A. Wilder       , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 24th day of March, 2021.

By _____

A CERTIFIED COPY
ATTEST 03/24/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
By /s/ Febecia Salazar

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *04832421321000003*

Received this Citation on the 24 day of March, 21 at 10 o'clock P M; and executed at 5444 Wortheimer #1000 Houston TX 77056 within the county of Harris, State of TX at 3:23 o'clock A M on the 25 day of March, 21 by delivering to the within named (Def.): Racetrac Petroleum Inc defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION , having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: PSC-16740 Exp 7/31/21
County of Harris     State of TX    By _____ Deputy
Fees $ 75
State of TX    County of Harris    (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Jasmine Ninsa before me this 24 day of March, 21
to certify which witness my hand and seal of office
(Seal)

VANESSA _____
Notary Public ___
_____
Notary ID _____

# EXHIBIT D

048-324213-21

FILED
TARRANT COUNTY
4/16/2021 1:38 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-324213-21

| | | |
|---|---|---|
| CARLA DAVIS | § § § | IN THE DISTRICT COURT |
| Plaintiff | § § | |
| VS | § § | TARRANT COUNTY, TEXAS |
| RACETRAC PETROLEUM, INC. | § § § | |
| Defendant | § | 48TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

TO SAID HONORABLE COURT:

RaceTrac Petroleum, Inc. ("RaceTrac"), the Defendant herein, files this, its Original Answer to Plaintiff's Original Petition, respectfully showing unto the Court as follows:

#### GENERAL DENIAL

I.

Subject to such stipulations and admissions as may be hereafter made, Defendant hereby enters a general denial, as is permitted by Rule 92 of the Texas Rules of Civil Procedure.

#### AFFIRMATIVE DEFENSES

II.

Pleading further, Defendant denies that there was any condition on its premises that was a proximate cause of the Plaintiff's alleged slip-and-fall; alternatively, Defendant denies that the condition complained of by Plaintiff constitutes an unreasonably dangerous condition that would potentially give rise to a valid premises liability claim. In addition, or alternatively, Defendant denies having any prior knowledge of the alleged unreasonably dangerous condition complained of by Plaintiff.

### III.

Pleading further, Defendant would show that Plaintiff was guilty of certain acts or omissions of negligence, each of which, separately or concurrently, was the sole proximate cause or, alternatively, a proximate cause of the occurrence made the basis of this suit, including but not limited to failing to keep a proper lookout for her own safety.

### IV.

Pleading further, and in the alternative, Defendant would show that the occurrence made the basis of this suit was the result of an unavoidable accident; that is, one not proximately caused by the negligence of any party to it.

### V.

Pleading further in the alternative, Defendant would show that the act or omission of a separate and independent agency, not reasonably foreseeable, destroyed the causal connection, if any, between the acts or omissions of Defendant and the occurrence in question, and thereby became the immediate cause of such occurrence and the Plaintiff's claimed injuries and damages.

### PRAYER

For the above reasons, Defendant prays that upon final hearing judgment be rendered that Plaintiff recover nothing of and from Defendant, and that Defendant recover its costs in this behalf expended; further, that Defendant be granted all such other and further relief to which it may be justly entitled.

Respectfully submitted,

EKVALL & BYRNE, LLP

_____
Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas 75244
Telephone (972) 239-0839
Facsimile (972) 960-9517

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on the __16th__ day of April, 2021.

_____
MICHAEL A. HUMMERT

# EXHIBIT E

048-324213-21

FILED
TARRANT COUNTY
4/16/2021 1:38 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-324213-21

| | | |
|---|---|---|
| CARLA DAVIS | § | IN THE DISTRICT COURT |
| Plaintiff | § § § | |
| VS | § § | TARRANT COUNTY, TEXAS |
| RACETRAC PETROLEUM, INC. | § § | |
| Defendant | § | 48TH JUDICIAL DISTRICT |

## DEFENDANT'S JURY DEMAND

TO THE HONORABLE COURT:

Defendant RaceTrac Petroleum, Inc. respectfully demands a trial by jury.

Respectfully submitted,

EKVALL & BYRNE, LLP

BY: _____
Michael A. Hummert
State Bar No. 10272000
mhummert@ekvallbyrne.com
Ignacio Barbero
State Bar No. 00796162
ibarbero@ekvallbyrne.com
4450 Sigma Road, Suite 100
Dallas, Texas  75244
TELEPHONE (972) 239-0839
FACSIMILE   (972) 960-9517

ATTORNEYS FOR DEFENDANT
RACETRAC PETROLEUM, INC.

DEFENDANT'S JURY DEMAND - Page 1

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was e-served on counsel of record herein in accordance with the Rules of Civil Procedure on this _16th_ day of April, 2021.

_____
MICHAEL A. HUMMERT

DEFENDANT'S JURY DEMAND - Page 2